**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHERYL EVON CHAPMAN,
              Appellant,

        v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
DC-1221-17-0376-W-1

DATE: January 18, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Sheryl Evon Chapman, Jacksonville, Florida, pro se.

Judith A. Fishel, APO, APO/FPO Europe, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant previously held a GS-13 Human Resources Specialist position with the agency in Wiesbaden, Germany.  Initial Appeal File (IAF), Tab 12 at 12.  In August 2016, the agency proposed her removal for (1) declining a Priority Placement Program offer and (2) failure to abide by the terms of a rotational agreement.  *Id*. at 12-14.  After receiving her response, the deciding official upheld the removal, effective October 2016.  *Id*. at 16-18.

¶3        On March 12, 2017, the appellant filed the instant appeal.  IAF, Tab 1.  The administrative judge construed it as an IRA appeal and provided the corresponding jurisdictional burden.  IAF, Tab 3.  He ordered the appellant to file a statement, accompanied by evidence, listing the following:  (1) her protected disclosures or activities; (2) the dates she made the disclosures or engaged in the activities; (3) the individuals to whom she made any disclosures; (4) why her belief in the truth of any disclosures was reasonable; (5) the actions the agency took or failed to take, or threatened to take or fail to take, against her because of her disclosures or activities; (6) why she believed a disclosure or activity, or a perception of such a disclosure or activity, was a contributing factor to the actions; and (7) the date of her complaint to the Office of Special Counsel (OSC) and the date that it notified her it was terminating its investigation of her complaint, or if she had not received such notice, evidence that 120 days have passed since she filed her complaint with OSC.  *Id*. at 7.

¶4        Pursuant to the jurisdictional order, the appellant had until March 24, 2017, to respond.  *Id*. at 1, 7.  Within that deadline, the appellant submitted several pieces of correspondence with OSC.  IAF, Tabs 7, 9-10.  Several days after her jurisdictional deadline, the appellant filed a narrative jurisdictional argument.  IAF, Tab 11.  The agency submitted a timely response.  *Compare* IAF, Tab 3 at 7,

*with* IAF, Tab 5 at 3, Tab 8 at 1, Tab 12. Despite the administrative judge's instruction that the record on jurisdiction was then closed, IAF, Tab 3 at 7-8, the appellant filed a reply, IAF, Tab 13, which the administrative judge did not consider, IAF, Tab 14, Initial Decision (ID) at 3.

¶5    Without holding the requested hearing, the administrative judge dismissed the appellant's IRA appeal. ID. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶6    To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before OSC, and make nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2] *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). A nonfrivolous allegation is one that (1) is more than conclusory, (2) is plausible on its face, and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). In cases involving multiple alleged protected disclosures and personnel actions, an appellant establishes Board jurisdiction over her IRA appeal when she makes a nonfrivolous allegation that at least one alleged personnel action was taken in

---

[2]  In the administrative judge's jurisdictional order, he provided the complete jurisdictional standard for an IRA appeal such as this, discussing both section 2302(b)(8) and section 2302(b)(9). IAF, Tab 3 at 2-3. However, in the initial decision, the administrative judge's explanation of the Board's jurisdictional limitations referred only to disclosures protected under section 2302(b)(8), without acknowledging that activities protected by section 2302(b)(9)(A)(i), (B), (C), or (D) may also fall within the Board's purview. ID at 3. On remand, the administrative judge should ensure that he utilizes the complete jurisdictional standard, concerning both disclosures protected by section 2302(b)(8) and activities protected by section 2302(b)(9)(A)(i), (B), (C), or (D).

reprisal for at least one alleged protected disclosure. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 6 (2010).

The administrative judge improperly dismissed the appellant's IRA appeal.

¶7   Although the administrative judge described the initial decision as a dismissal for lack of jurisdiction, we find that the decision is, in essence, a dismissal for failure to prosecute. The administrative judge found that the appellant proved the exhaustion requirement of 5 U.S.C. § 1214(a)(3) but failed to meet the remaining portion of her jurisdictional burden—nonfrivolous allegations of protected disclosures or activities that were a contributing factor in the decision to take or fail to take a personnel action. ID at 3-7. However, in reaching that conclusion, the administrative judge explained that the appellant failed to comply with the specific requirements of his order, listed above, and instead presented only vague and conclusory assertions, unaccompanied by affidavit or other evidence. ID at 6-7; *supra* ¶ 3. More notably, the administrative judge relied only on the appellant's deficient narrative response, without considering any of the allegations described in her correspondence with OSC. ID at 6-7.

¶8   The administrative judge was correct to note that the appellant did not comply with the instructions in his jurisdictional order. *Compare* IAF, Tab 3 at 7, *with* IAF, Tab 11 at 4-5. The appellant's narrative response essentially recites the jurisdictional standard for this IRA appeal and asserts that she met that standard, without complying with the administrative judge's specific instructions or providing any substantive explanation. IAF, Tab 11 at 4-5. However, that single failure does not warrant a dismissal for failure to prosecute. *Compare Toombs v. Department of the Army*, 69 M.S.P.R. 78, 81 (1995) (recognizing that an administrative judge should not dismiss for failure to prosecute based on an appellant's failure to comply with a single order), *with Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (affirming a dismissal for failure to prosecute when the appellant failed to comply with multiple orders and warnings

over a period of more than 2 months). Therefore, we find that it was improper for the administrative judge to dismiss the appellant's appeal, without considering her OSC submissions to determine whether they satisfied her jurisdictional burden. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (recognizing that an initial decision must, inter alia, summarize the evidence and identify all material issues of fact and law).

On remand, the appellant must comply with the administrative judge's order and meet her jurisdictional burden.

¶9    OSC's January 2017 closeout letter provides the most succinct explanation of the allegations before it. IAF, Tab 7 at 2-3. The closeout letter described the appellant's alleged protected disclosures or activities as follows:

> [Y]ou alleged retaliation for disclosing that your supervisors were violating agency regulations concerning the approval and documentation of overseas tour extensions, that the Deputy Chief of Staff did not have the authority to approve exceptions to bypass selections of candidates entitled to military spouse preference . . ., and filing complaints with the Office of Inspector General . . . . In addition, you declined to provide false data on overseas tour extensions to command leadership and develop a Staff Action Summary . . . for approval of overseas tour extensions that was inconsistent with controlling Department of Defense . . . regulations.

*Id*. at 2. OSC's closeout described the alleged retaliatory activities as follows:

> You asserted that your duties, responsibilities, and working conditions were changed in retaliation. For example, you were assigned GS-7 grade level duties, you were denied computer access and attendance at meetings, you experienced issues with your work station, and several of your emails were deleted. You further alleged that you were not approved to attend training, your overseas tour was not extended, you were not selected for a Human Resources . . . Specialist position, your request for Voluntary Early Retirement Authority . . . /Voluntary Separation Incentive Payment . . . was denied, and you were removed from your position.

*Id*.

¶10    While the aforementioned explanation provides some pertinent details, it does not include others. For example, it does not clearly explain to whom the

appellant made her disclosures, who was aware of those disclosures or other activities that might be protected, and whether or to what extent those individuals may have been involved in the alleged retaliatory personnel actions.  Although we reviewed the documents submitted by the appellant in search of those details, that correspondence is difficult to follow.  For example, the appellant repeatedly refers to individuals and agency components by abbreviation, such as "G1" and "HDQA," without clearly identifying who or what they are or how they may have contributed to any alleged personnel actions.  *E.g.*, IAF, Tab 10 at 6.  Moreover, it appears that the appellant may have intended to pursue only some of the allegations presented to OSC in the instant appeal.  For example, in her OSC complaint, the appellant appears to have attributed the alleged retaliation to six agency officials, including her immediate supervisor and the proposing official to her removal.  IAF, Tab 9 at 7, Tab 12 at 12-14.  By contrast, in her petition for review, the appellant appears to attribute the alleged retaliation to only one individual, whose role in any alleged personnel action is less clear.  PFR File, Tab 1 at 4.

¶11     Because the appellant failed to comply with the administrative judge's order, it remains unclear what allegations the appellant intends to pursue in the instant IRA appeal and whether those allegations are within the Board's jurisdiction.  IAF, Tab 3 at 7.  On remand, the administrative judge should provide the appellant with a second opportunity to comply with his order and satisfy her jurisdictional burden.  The order should warn of the potential consequences for failing to comply.  *See generally Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 11 (2016) (discussing the Board's regulations pertaining to a party's failure to comply with an order or failure to prosecute).

**ORDER**

¶12    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.